**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

|  |  |
|---|---|
| COACH, INC. and COACH SERVICES, INC., | : |
|  | : |
| Plaintiffs, | :   **Case No.** |
|  | : |
| v. | : |
|  | : |
| MONTANA CHARLIE'S OF ILLINOIS, INC. | : |
| d/b/a MONTANA CHARLIE'S FLEA MARKET, | : |
| SAI YUJ CHEN, GING FANG CHEN, LIN MEI | : |
| YU, and DOES 1 through 100, | : |
|  |  |
| Defendants. |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## COMPLAINT

Plaintiffs Coach, Inc. and Coach Services, Inc. (hereinafter collectively referred to as "Coach" or "Plaintiffs"), through their undersigned counsel, for their complaint against Montana Charlie's of Illinois, Inc. d/b/a Montana Charlie's Flea Market, Sai Yuj Chen ("Defendant Yuj Chen"), Ging Fang Chen ("Defendant Fang Chen") and Lin Mei Yu ("Defendant Mei Yu"),and DOES 1 through 100 (hereinafter collectively referred to as "Defendants") allege as follows:

## Nature of the Action

1.     This is an action for trademark infringement, trade dress infringement, and counterfeiting under the Lanham Act (15 U.S.C. §§ 1114, 1116, 1117, 1125(a) and (c)); copyright infringement under the United States Copyright Act (17 U.S.C. § 501 *et seq.*); trademark infringement, unfair competition and unjust enrichment under Illinois common law;

137001

trademark dilution under Illinois common law and the Illinois Anti-Dilution Act (765 ILCS 1035/15); and unfair competition under the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505).

### Jurisdiction and Venue

2.     Jurisdiction over the parties and subject matter of this action is proper in this Court pursuant to 15 U.S.C. § 1121 (actions arising under the Lanham Act), 28 U.S.C. § 1331 (actions arising under the laws of the United States), 28 U.S.C. § 1332(a) (diversity of citizenship between the parties), and § 1338(a) (actions arising under an Act of Congress relating to copyrights and trademarks).  This Court has supplemental jurisdiction over the claims in this Complaint that arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a).

3.     This Court has personal jurisdiction over the Defendants because they do business and/or reside in the State of Illinois and, as to the entities, because they do business, are incorporated, and/or are authorized to do business in the State of Illinois.

4.     Venue is properly founded in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400 (a) because Defendants reside in this District, may be found in this District, and/or a substantial part of the events giving rise to the claims in this action occurred within this District.

### Parties

5.     Plaintiff Coach, Inc. is a corporation duly organized and existing under the laws of the State of Maryland, with its principal place of business in New York, New York. Plaintiff Coach Services, Inc. is a corporation duly organized and existing under the laws of the State of Maryland, with its principal place of business in Jacksonville, Florida.

6.     Upon information and belief, Defendant Montana Charlie's of Illinois, Inc. d/b/a Montana Charlie's Flea Market, is an Illinois corporation with its principal place of business in Bolingbrook, Illinois.

7.     Upon information and belief, Defendant Yuj Chen is an individual residing in Illinois and doing business in connection with the Montana Charlie's Flea Market.

8.     Upon information and belief, Defendant Fang Chen is an individual residing in Illinois and doing business in connection with the Montana Charlie's Flea Market.

9.     Upon information and belief, Defendant Mei Yu is an individual residing in Illinois and doing business in connection with the Montana Charlie's Flea Market.

10.     Upon information and belief, Defendants DOES 1 through 100 are individuals residing in Illinois and doing business in connection with the Montana Charlie's Flea Market.

11.     Plaintiffs are unaware of the names and true capacities of Defendants named herein as DOES 1 through 100, whether individual, corporate and/or partnership entities, and therefore sue them by their fictitious names.   Plaintiffs will seek leave to amend this complaint when their true names and capacities are ascertained.   Plaintiffs are informed and believe, and based thereon allege, that said Defendants DOES 1 through 100, are in some manner responsible for the wrongs alleged herein.

12.     Plaintiffs are informed and believe, and based thereon allege, that at all relevant times herein, Defendants knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior.   Plaintiffs further allege that Defendants have a non-

delegable duty to prevent or cause such acts and the behavior described herein, which duty Defendants failed and/or refused to perform.

## The World Famous Coach Brand and Products

13.     Coach was founded more than sixty (60) years ago as a family-run workshop in Manhattan.  Since then Coach has been engaged in the manufacture, marketing and sale of fine leather and mixed material products including handbags, wallets, accessories, eyewear, footwear, jewelry and watches.  Coach sells its goods through its own specialty retail stores, department stores, catalogs, and via an Internet website www.coach.com throughout the United States, including Illinois.

14.     Coach has used a variety of legally-protected trademarks, trade dresses, and design elements/copyrights for many years on and in connection with the advertisement and sale of its products, including but not limited to, those detailed in this Complaint (collectively, the "Coach Marks").

15.     Coach has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Coach Marks.  As a result, products bearing the Coach Marks are widely recognized and exclusively associated by consumers, the public, and the trade as being high quality products sourced from Coach, and have acquired strong secondary meaning.  Coach products have also become among the most popular in the world, with Coach's annual global sales currently exceeding three billion dollars ($3,000,000,000).

**The Coach Trademarks**

16.     Coach is the owner of the following United States Federal Trademark Registrations (hereinafter collectively referred to as the "Coach Trademarks"):

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 2,088,706 | COACH | 6, 9, 16, 18, 20 and 25 for *inter alia* key fobs, eyeglass cases, satchels, tags for luggage, luggage, backpacks, picture frames, hats, gloves and caps. | September 19, 1997 | COACH |
| 3,157,972 | COACH | 35 for retail store services. | October 17, 2006 | COACH |
| 0,751,493 | COACH | 16, 18 for *inter alia* leather goods, wallets and billfolds. | June 23, 1963 | COACH |
| 2,451,168 | COACH | 9 for *inter alia* eyeglasses and sunglass Cases | May 15, 2001 | COACH |
| 2,537,004 | COACH | 24 for *inter alia* home furnishings. | February 5, 2002 | COACH |
| 1,846,801 | COACH | 25 for *inter alia* men's and women's coats and jackets. | July 26, 1994 | COACH |
| 3,439,871 | COACH | 18 for *inter alia* umbrellas. | June 3, 2008 | COACH |
| 2,061,826 | COACH | 12 for *inter alia* seat covers. | May 13, 1997 | COACH |
| 2,231,001 | COACH | 25 for *inter alia* men and women's clothing. | March 9, 1999 | COACH |
| 2,836,172 | COACH | 14 for *inter alia* sporting goods and stuffed toys. | April 27, 2004 | COACH |
| 2,939,127 | COACH | 9 for *inter alia* camera cases. | April 12, 2005 | COACH |
| 3,354,448 | COACH | 14 for *inter alia* jewelry. | December 11, 2007 | COACH |
| 2,579,358 | COACH | 20 for *inter alia* pillows, mirrors and glassware. | June 6, 2002 | COACH |

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 2,074,972 | COACH | 3, 21 for *inter alia* leather cleaning products and shoe brushes. | July 1, 1997 | COACH |
| 2,446,607 | COACH | 16 for *inter alia* writing instruments. | April 24, 2001 | COACH |
| 2,291,341 | COACH | 14 for *inter alia* clocks and watches. | November 9, 1999 | COACH |
| 1,071,000 | COACH | 18, 25 for *inter alia* women's handbags. | August 9, 1977 | COACH |
| 3,633,302 | COACH | 3 for *inter alia* perfumes, lotions and body sprays. | June 2, 2009 | COACH |
| 2,534,429 | COACH & LOZENGE DESIGN | 9 for *inter alia* eyeglasses, eyeglass frames and sunglasses. | January 29, 2002 | COACH |
| 3,363,873 | COACH & LOZENGE DESIGN | 3 for *inter alia* fragrances. | January 1, 2008 | COACH |
| 2,252,847 | COACH & LOZENGE DESIGN | 35 retail services. | June 15, 1999 | COACH |
| 2,291,368 | COACH & LOZENGE DESIGN | 14 for *inter alia* jewelry. | November 9, 1999 | COACH |
| 2,666,744 | COACH & LOZENGE DESIGN | 24 for *inter alia* bed linens. | December 24, 2002 | COACH |
| 2,534,429 | COACH & LOZENGE DESIGN | 9 for *inter alia* eyeglasses, eyeglass frames and sunglasses. | January 29, 2002 | COACH |
| 2,169,808 | COACH & LOZENGE DESIGN | 25 for *inter alia* clothing for men and women. | June 30, 1998 | COACH |

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 2,045,676 | COACH & LOZENGE DESIGN | 6, 9, 16, 18, 20, 25 for *inter alia* key fobs, money clips, phone cases, attaché cases, duffel bags, picture frames, hats, caps and gloves. | March 18, 1997 | |
| 1,070,999 | COACH & LOZENGE DESIGN | 18, 25 for *inter alia* women's handbags. | August 9, 1977 | |
| 1,309,779 | COACH & LOZENGE DESIGN | 9, 16, 18 for *inter alia* eyeglass cases and leather goods such as wallets, handbags and shoulder bags. | December 19, 1984 | |
| 2,035,056 | COACH & LOZENGE DESIGN | 3, 21 for *inter alia* leather cleaning products and shoe brushes. | February 4, 1997 | |
| 2,983,654 | COACH & LOZENGE DESIGN | 18, 24, 25 for *inter alia* handbags, leather goods, fabrics, swimwear, hats and shoes. | August 9, 2005 | |
| 2,626,565 | CC & DESIGN (Signature C) | 18 for *inter alia* handbags, purses, clutches, shoulder bags, tote bags, and wallets. | September 24, 2002 | |
| 2,822,318 | CC & DESIGN (Signature C) | 24 for *inter alia* fabric for use in the manufacture of clothing, shoes, handbags, and luggage. | March 16, 2004 | |
| 2,832,589 | CC & DESIGN (Signature C) | 14, 16, 18, 20, 24, 25, 4, 6, 9 for *inter alia* sunglasses and eye glass cases, leather goods, | April 13, 2004 | |

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 2,832,740 | CC & DESIGN (Signature C) | 28 for *inter alia* stuffed animals. | April 13, 2004 | |
| 2,592,963 | CC & DESIGN (Signature C) | 25 for *inter alia* clothing. | July 9, 2002 | |
| 2,822,629 | CC & DESIGN (Signature C) | 35 for retail services for *inter alia* handbags, small leather goods, jewelry and watches. | March 16, 2004 | |
| 3,012,585 | AMENDED CC & DESIGN (Signature C) | 18, 24, 25 for *inter alia* handbags, purses, fabrics and clothing. | November 8, 2005 | |
| 3,396,554 | AMENDED CC & DESIGN (Signature C) | 3 for *inter alia* fragrances. | March 11, 2008 | |
| 3,696,470 | COACH OP ART & Design | 18, 24 and 25 for *inter alia* bags, umbrellas, shoes and the manufacture of these goods. | October 13, 2009 | |
| 3,251,315 | COACH EST. 1941 | 18, 25 for *inter alia* handbags, small leather goods, jackets and coats. | June 12, 2007 | |
| 3,413,536 | COACH EST. 1941 STYLIZED | 14, 18, 25 for *inter alia* handbags, purses, shoulder bags, tote bags, and wallets. | April 15, 2008 | |
| 3,441,671 | COACH LEATHERWARE EST. 1941 [Heritage Logo] | 9, 14, 18, 25 for *inter alia* handbags, leather cases, purses, and wallets. | June 3, 2008 | |

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 3,072,459 | CL STYLIZED | 18 for *inter alia* leather goods. | March 28, 2006 |  |
| 3,187,894 | CL STYLIZED | 18, 25 for *inter alia* leather goods and clothing. | December 12, 2006 |  |
| 1,664,527 | THE COACH FACTORY STORE & LOZENGE DESIGN | 42 for *inter alia* retail services for leather ware. | November 12, 1991 |  |
| 3,338,048 | COACH STYLIZED | 18 for *inter alia* luggage, backpacks and shoulder bags | November 11, 2007 |  |
| 3,149,330 | C & LOZENGE LOGO | 9, 14, 16, 25 for *inter alia* desk accessories, clothing and eye glasses. | September 26, 2006 |  |
| 2,162,303 | COACH & TAG DESIGN | 25 for *inter alia* clothing. | June 2, 1998 |  |
| 2,088,707 | COACH & TAG DESIGN | 18 for *inter alia* accessory cases, backpacks and satchels. | August 19, 1997 |  |

17.     These registrations are valid, subsisting, in full force and effect and have become incontestable pursuant to 15 U.S.C. §1065.[1]

18.     The registration of the marks constitutes *prima facie* evidence of their validity and conclusive evidence of Coach's exclusive right to use the Coach Trademarks in connection with the goods identified therein and other commercial goods.

---

All registrations originally held in the name of Coach's predecessors, Sara Lee Corporation and Saramar Corporation, were assigned in full to Coach on or about October 2, 2000.

19.     The registration of the marks also provides sufficient notice to Defendants of Coach's ownership and exclusive rights in the Coach Trademarks.

20.     The Coach Trademarks qualify as famous marks, as that term is used in 15 U.S.C. § 1125 (c)(1).

21.     The Coach Trademarks at issue in this case have been continuously used and have never been abandoned.

**The Coach Trade Dress**

22.     Coach is the owner of a variety of unique and distinctive trade dresses consisting of a combination of one or more features, including sizes, shapes, colors, designs, fabrics, hardware, hangtags, stitching patterns and other non-functional elements comprising the overall look and feel incorporated into Coach products (the "Coach Trade Dresses").

23.     Consumers immediately identify Coach as the single source of high quality products bearing the Coach Trade Dresses.

24.     The Coach Trade Dresses associated with Coach products are independent of the functional aspects of Coach products.

25.     Coach has employed the Coach Trade Dresses associated with its products exclusively and without interruption, and the Coach Trade Dresses have never been abandoned.

**The Coach Design Elements**

**Copyrights**

26.     Many of the decorative and artistic combinations of the design elements present on Coach products are independently protected works under United States Copyright Law.  These design elements are wholly original works and fixed in various tangible products and media, thereby qualifying as copyrightable subject matter under the United States Copyright Act, 17 U.S.C. Sections 101 *et seq*. (hereinafter referred to as the "Coach Design Elements").

27.     Amongst others, Coach has a valid copyright registered with the Copyright Office for its " Op Art" design (registration number VA0001694574).

28.     At all times relevant hereto, Coach has been the sole owner and proprietor of all rights, title, and interest in and to the copyrights in the Design Elements used on Coach products, and such copyrights are valid, subsisting and in full force and effect.

### Defendants' Acts of Infringement and Unfair Competition

29.     Upon information and belief, Defendants are engaged in designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale products bearing logos and source-identifying indicia and design elements that are studied imitations of the Coach Trademarks, the Coach Trade Dresses, and the Coach Design Elements (hereinafter referred to as the "Infringing Products").  Defendants' specific conduct includes, among other things:

A.   On or about October 12, 2008 an Investigator for Coach, canvassed the Montana Charlie's Flea Market, which is an outdoor market operated by Montana Charlie's of Illinois, Inc. at 255 South Joliet Road, Bolingbrook, Illinois.

B.   The Investigator observed approximately five hundred (500) vendors operating booths at Montana Charlie's Flea Market on that date, several of whom were offering, upon information and belief, counterfeit Coach products in plain view.

C.   On or about October 18, 2008, the Coach Investigator, returned to the Montana Charlie's Flea Market to observe a criminal enforcement action undertaken by the Illinois State Police.  The Coach Investigator observed counterfeit Coach products at Defendant Yuj Chen's booth.   An Illinois State Police Investigator then   purchased a tan Coach handbag from Defendant Yuj Chen for thirty dollars ($30.00).   The handbag was inspected by the Coach

Investigator who determined that the handbag was counterfeit and infringed on Coach's intellectual property.

D.   Later on October 18, 2010, Defendants Yuj Chen, Fang Chen and Yu were subsequently taken into custody by the Illinois State Police for violating the Illinois State Statute relating to counterfeiting trademarks.

E.   Also on October 18, 2008, the Coach Investigator the booth operated by Defendants Fang Chen and Mei Yu and observed a number of counterfeit Coach handbags being offered for sale that depicted various Coach trademarks.

F.   Subsequent searches of Defendant Yuj Chen's booth revealed one hundred seventy-eight (178) counterfeit Coach products.  Searches of Defendants Fang Chen and Mei Yu's booth revealed four hundred eleven (411) counterfeit Coach products.

G.   After gathering evidence of the Defendants' infringing conduct, on November 3, 2008, Coach sent a cease and desist notice to Montana Charlie's of Illinois, Inc. regarding Montana Charlie's Flea Market, to compel its cooperation in ending the infringing conduct (the "Notice").  Montana Charlie's of Illinois, Inc. failed to respond to the Notice.

H.   On or about April 18, 2010 a Coach Investigator conducted a follow-up investigation to assess whether Montana Charlie's of Illinois, Inc. d/b/a Montana Charlie's Flea Market, had complied with Coach's Notice.  On that date, the Coach Investigator canvassed the Montana Charlie's Flea Market and observed a number of vendors who were offering, upon information and belief, counterfeit Coach products in plain view.

I.   Specifically, on or about April 18, 2010 the Coach Investigator observed not less that four (4) vendors offering, upon information and belief, counterfeit Coach products for sale in

plain view.  Said vendors are hereinafter referred to as Vendor Doe 1, Vendor Doe 2, Vendor Doe 3, and Vendor Doe 4, respectively.

J.  Vendor Doe 1, located at booth No. 711, offered for sale, upon information and belief, approximately fifty (50) counterfeit Coach handbags.  The Coach Investigator purchased a brown handbag bearing, amongst others, Coach's Coach Op Art and Design trademark for twenty dollars ($20.00) from Vendor Doe 1.

K.  Vendor Doe 2, located at booth No. 184, offered for sale, upon information and belief, approximately seventy (70) counterfeit Coach handbags.  The Coach Investigator purchased a pink and white handbag bearing, amongst others, Coach's Heritage Logo, for twenty-five dollars ($25.00) from Vendor Doe 2.

L.  Vendor Doe 3, located at booth No. 713, offered, upon information and belief, approximately sixty (60) counterfeit Coach handbags.  The Coach Investigator purchased a multi-color purse, bearing, amongst others Coach's Op Art and Heritage Logo trademarks and for twenty-eight dollars ($28.00) from Vendor Doe 3.

M.  Vendor Doe 4, located at booth No. 70, offered, upon information and belief, approximately eighty-five (85) counterfeit Coach handbags and wallets.  The Coach Investigator purchased a red wallet, bearing, amongst others Coach's trademark, for twelve dollars ($12.00) from Vendor Doe 4.

N.  All of the foregoing purchased goods were inspected by a Coach Investigator who determined that each and every good was counterfeit and infringed on Coach's trademarked intellectual property.

30.     Defendants are well aware of the extraordinary fame and strength of the Coach Brand, the Coach Trademarks, the Coach Trade Dresses, and the Coach Design Elements, and the incalculable goodwill associated therewith.

31.     Defendants have no license, authority, or other permission from Coach to use any of the Coach Trademarks, the Coach Trade Dresses, or the Coach Design Elements in connection with the designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale of the Infringing Products.

32.     Defendants have been engaging in the above-described illegal counterfeiting and infringing activities knowingly and intentionally, with reckless disregard or willful blindness to Coach's rights, or with bad faith, for the purpose of trading on the goodwill and reputation of the Coach Marks and Coach products.

33.     Defendants' activities, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the Infringing Products and Coach.

34.     Upon information and belief, Defendants intend to continue to design, manufacture, advertise, promote, import, distribute, sell, and/or offer for sale the Infringing Products.

35.     Coach is suffering irreparable injury, has suffered substantial damages as a result of Defendants' activities, and has no adequate remedy at law.

## COUNT I
### (Trademark Counterfeiting, 15 U.S.C. § 1114)

36.     Coach repeats and realleges the allegations set forth in paragraphs 1-35.

37.     Defendants, without authorization from Coach, have used and are continuing to use spurious designations that are identical to, or substantially indistinguishable from, Coach's Trademarks.

38.     The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that Defendants' Infringing Products are genuine or authorized products of Coach.

39.     Upon information and belief, Defendants have acted with knowledge of Coach's ownership of the Coach Trademarks and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill inherent in the Coach Marks.

40.     Defendants' acts constitute trademark counterfeiting in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

41.     Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

42.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

43.     Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

## COUNT II
### (Trademark Infringement, 15 U.S.C. § 1114)

44.     Coach repeats and realleges the allegations set forth in paragraphs 1-35.

45.     Defendants, without authorization from Coach, have used and are continuing to use spurious designations that are confusingly similar to Coach's Trademarks.

46.     The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether Defendants' Infringing Products originate from, or are affiliated with, sponsored by, or endorsed by Coach.

47.     Upon information and belief, Defendants have acted with knowledge of Coach's ownership of the Coach Trademarks and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

48.     Defendants' acts constitute trademark infringement in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

49.     Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

50.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

51.     Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

## COUNT III
### (Trade Dress Infringement, 15 U.S.C. § 1125(a))

52.     Coach repeats and realleges the allegations set forth in paragraphs 1-35.

53.     The Coach Trade Dresses are used in commerce, are non-functional,, and have acquired secondary meaning in the marketplace.

54.     Defendants, without authorization from Coach, have designed, manufactured, advertised, promoted, distributed, sold, and/or offered for sale, and/or are causing to be designed, manufactured, advertised, promoted, distributed, sold, and/or offered for sale,

products which contain a collection of design elements that are confusingly similar to the Coach Trade Dresses.

55.     The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade who recognize and associate the Coach Trade Dresses with Coach.  Moreover, Defendants' conduct is likely to cause confusion, to cause mistake, or to deceive consumers, the public, and the trade as to the source of the Infringing Products, or as to a possible affiliation, connection or association between Coach, the Defendants, and the Infringing Products.

56.     Upon information and belief, Defendants have acted with knowledge of Coach's ownership of the Coach Trade Dresses and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

57.     Defendants' acts constitute trade dress infringement in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

58.     Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

59.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

60.     Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

### COUNT IV
### (False Designation of Origin and False Advertising, 15 U.S.C. § 1125(a))

61.     Coach repeats and realleges the allegations set forth in paragraphs 1-35.

62.     Defendants' promotion, advertising, distribution, sale, and/or offering for sale of the Infringing Products, together with Defendants' use of other indicia associated with

Coach is intended, and is likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of the Infringing Products, and is intended, and is likely to cause such parties to believe in error that the Infringing Products have been authorized, sponsored, approved, endorsed or licensed by Coach, or that Defendants are in some way affiliated with Coach.

63.     The foregoing acts of Defendants constitute a false designation of origin, and false and misleading descriptions and representations of fact, all in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

64.     Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

65.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

66.     Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

## COUNT V
### (Trademark Dilution, 15 U.S.C. § 1125(c))

67.     Coach repeats and realleges the allegations set forth in paragraphs 1-35.

68.     The Coach Trademarks are strong and distinctive marks that have been in use for many years and have achieved enormous and widespread public recognition.

69.     The Coach Trademarks are famous within the meaning of Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)).

70.     Defendants' use of the Infringing Products, without authorization from Coach, is diluting the distinctive quality of the Coach Trademarks and decreasing the capacity of such marks to identify and distinguish Coach products.

71.     Defendants have intentionally and willfully diluted the distinctive quality of the famous Coach Trademarks in violation of Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)).

72.     Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

73.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

74.     Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

### COUNT VI
### (Copyright Infringement, 17 U.S.C. § 501)

75.     Coach repeats and realleges the allegations set forth in paragraphs 1-35.

76.     Many of the Coach Design Elements contain decorative and artistic combinations that are protected under the United States Copyright Act (17 U.S.C. § 101 *et seq.*). Coach has a valid registered copyright in its Op Art design.

77.     Upon information and belief, Defendants had access to and copied the Op Art design and other Design Elements present on Coach products.

78.     Defendants intentionally infringed Coach's copyrights in the Op Art Design and other Design Elements present on Coach products by creating and distributing the Infringing Products, which incorporate elements substantially similar to the copyrightable matter present in the Op Art Design and other Design Elements present on Coach products, without Coach's consent or authorization.

79.     Defendants have infringed Coach's copyrights in violation of 17 U.S.C. § 501 *et seq*.

80.   Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

81.   Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

82.   Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

### COUNT VII
### (Common Law Trademark Infringement)

83.   Coach repeats and realleges the allegations set forth in paragraphs 1-35.

84.   Coach owns all rights, title, and interest in and to the Coach Trademarks, including all common law rights in such marks.

85.   Defendants, without authorization from Coach, have used and are continuing to use spurious designations that are identical to, substantially indistinguishable from, or confusingly similar to the Coach Trademarks.

86.   The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether Defendants' Infringing Products originate from, or are affiliated with, sponsored by, or endorsed by Coach.

87.   Upon information and belief, Defendants have acted with knowledge of Coach's ownership of the Coach Trademarks and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

88.   Defendants' acts constitute trademark infringement in violation of the common law of the State of Illinois.

89.     Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

90.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

91.     Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

## COUNT VIII
**(Trademark Dilution, Common Law and Illinois Anti-Dilution Act)**

92.     Coach repeats and realleges the allegations set forth in paragraphs 1-35.

93.     The foregoing acts of Defendants constitute trademark dilution in violation of Illinois common law and the Illinois Anti-Dilution Act (765 ILCS 1035/15).

94.     The Coach Trademarks are strong and distinctive marks that have been in use for many years and have achieved enormous and widespread public recognition.

95.     Through prominent, long, and continuous use in commerce, including commerce within the State of Illinois, the Coach Trademarks have become and continue to be famous and distinctive.

96.     Defendants' use of the Infringing Products, without authorization from Coach, is diluting the distinctive quality of the Coach Trademarks and decreasing the capacity of such marks to identify and distinguish Coach products and has caused a likelihood of harm to Coach's business reputation.

97.     Defendants have diluted the distinctive quality of the famous Coach Trademarks.

98.     Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

99. Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

100. Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

## COUNT IX
### (Unfair Competition, Illinois Consumer Fraud and Deceptive Business Practices Act)

101. Coach repeats and realleges the allegations set forth in paragraphs 1-35.

102. The foregoing acts of Defendants constitute unfair competition in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505 *et seq.*).

103. Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

104. Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

105. Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

## COUNT X
### (Common Law Unfair Competition)

106. Coach repeats and realleges the allegations set forth in paragraphs 1-35.

107. The foregoing acts of Defendants constitute unfair competition in violation of the common law of the State of Illinois.

108. Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

109.    Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

110.    Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

## COUNT XI
### (Unjust Enrichment)

111.    Coach repeats and realleges the allegations set forth in paragraphs 1-35.

112.    The acts complained of above constitute unjust enrichment of Defendants at Coach's expense, in violation of the common law of the State of Illinois.

**WHEREFORE,** Coach respectfully requests that this Court enter judgment against Defendants as follows:

A.    Finding that: (i) Defendants have violated Section 32 of the Lanham Act (15 U.S.C. § 1114); Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) and Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)); (ii) Defendants have violated Section 501 of the Copyright Act of 1976 (17 U.S.C. § 501); (iii) Defendants have diluted the Coach Trademarks in violation of Illinois common law and the Illinois Anti-Dilution Act (765 ILCS 1035/15); (iv) Defendants have engaged in trademark infringement and unfair competition under the common law of Illinois; (v) Defendants have engaged in unfair competition in violation of Illinois Consumer Fraud and Deceptive Practices Act (815 ILCS 505); and, (vi) Defendants have been unjustly enriched in violation of Illinois common law.

B.      Granting an injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116, 17 U.S.C. § 502, preliminarily and permanently restraining and enjoining Defendants, their officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with them from:

1.      Manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any products which bear the Coach Trademarks, the Coach Trade Dresses, and/or the Coach Design Elements, or any other mark or design element substantially similar or confusing thereto, including, without limitation, the Infringing Products, and engaging in any other activity constituting an infringement of any of Coach's rights in the Coach Trademarks, the Coach Trade Dresses, and/or the Coach Design Elements;

2.      engaging in any other activity constituting unfair competition with Coach, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements associated with Coach; or.

3.      engaging in any other activity that will cause the distinctiveness of the Coach Trademarks or Coach Trade Dresses to be diluted.

C.      Requiring Defendants to recall from any distributors and retailers and to deliver to Coach for destruction or other disposition all remaining inventory of all Infringing Products, including all advertisements, promotional and marketing materials therefore, as well as means of making same;

D.      Requiring Defendants to file with this Court and serve on Coach within thirty (30) days after entry of the injunction a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

E.     Directing such other relief as the Court may deem appropriate to prevent consumers, the public, and/or the trade from deriving any erroneous impression that any product at issue in this action that has been manufactured, imported, advertised, marketed, promoted, supplied, distributed, offered for sale, or sold by Defendants, has been authorized by Coach, or is related in any way with Coach and/or its products;

F.     Awarding Coach statutory damages of two million dollars ($2,000,000) per counterfeit mark, per type of counterfeit good in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117) or alternatively, ordering Defendants to account to and pay to Coach all profits realized by their wrongful acts and also awarding Coach its actual damages, and also directing that such profits or actual damages be trebled, in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117);

G.     Awarding Coach statutory damages or in the alternative its actual damages suffered as a result of the copyright infringement, and any profits of Defendants not taken into account in computing the actual damages, pursuant to 17 U.S.C. § 504;

H.     Awarding Coach actual and punitive damages to which it is entitled under applicable federal and state laws;

I.     Awarding Coach its costs, attorneys fees, investigatory fees, and expenses to the full extent provided by Section 35 of the Lanham Act (15 U.S.C. § 1117), the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505), and Section 505 of the Copyright Act of 1976 (17 U.S.C. § 505);

J.     Awarding Coach pre-judgment interest on any monetary award made part of the judgment against Defendants; and,

K.      Awarding Coach such additional and further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Coach requests a trial by jury in this matter.

Dated:  June 16, 2010                          Respectfully submitted,

                                               BRYAN CAVE LLP

                                               By: /s/ S. Patrick McKey
                                               S. Patrick McKey, #6201588
                                               Mariangela M. Seale, #6293433
                                               161 North Clark Street
                                               Suite 4300
                                               Chicago, Illinois 60601
                                               Tel: (312) 602-5000
                                               Fax: (312) 602-5050
                                               Attorneys for Coach, Inc. and Coach Services, Inc.